Affirmed and Memorandum Opinion filed December 2, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00172-CR

____________

 

CHARLES SCOTT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1133006

 



 

MEMORANDUM
 OPINION

A jury found appellant guilty of capital murder.  On February
20, 2009, the trial court sentenced appellant to confinement for life without
parole in the Institutional Division of the Texas Department of Criminal
Justice.  No motion for new trial was filed.  Appellant filed a timely notice
of appeal.

In his sole issue, appellant asserts that the trial court
reversibly erred in denying him a remedy for the State’s use of a peremptory strike
to exclude a potential juror on account of race.  See Batson v. Kentucky, 476
U.S. 79, 86, 106 S.Ct. 1712, 1717 (1986).  Appellant asserts the trial court
made a factual finding that the State had provided no race neutral reasons for
the exclusion of one of the potential jurors.  Therefore, appellant claims the
trial court reversibly erred in failing to provide any relief for the State’s
discriminatory use of its peremptory strike. 

After the names of the jurors to be seated were announced,
appellant’s counsel objected to the composition of the jury, stating that he
had a Batson motion concerning the State’s use of a peremptory challenge
to one of the prospective jurors.  Counsel argued that exclusion of the juror
was based on race and asked the State to explain its reasons for the strike.  The
prosecutor explained that the juror in question was struck not because of her
race, but for the following reasons: (1) she was a school teacher; (2) her
husband was employed by what appeared to be a religious organization; (3) she
made little eye contact with the prosecutor during voir dire and did not seem
to pay attention to the discussion of important legal issues.  After the
prosecutor recited her reasons for the strike, appellant did not rebut the
State’s proffered race-neutral reasons.  The original reporter’s record
reflected that the court then stated, “I find those are not race neutral
reasons for a strike.”  (emphasis supplied).  The trial court then denied
appellant’s request to either dismiss the entire panel or seat the juror in
question.[1]  

After appellant filed his brief, this court granted the State’s
request to abate the appeal to correct an inaccuracy in the reporter’s record. 
At the abatement hearing, the trial court considered affidavits from
appellant’s trial counsel, the court reporter, the prosecutor and the trial
judge, in which each affiant stated that the court ruled that the State’s
reasons were race neutral.  In addition, the court listened to the audio recording
from the trial proceedings.  The trial court determined that the reporter’s
record contained a typographical error, erroneously inserting the word “not”, and
ordered the court reporter to correct the record.  The court reporter then
filed a corrected reporter’s record reflecting what the trial court actually uttered
in response to the Batson challenge, “I find those are race neutral
reasons for a strike.”

The State then filed its brief, arguing that appellant’s sole
issue had been rendered moot by correction to the reporter’s record.  See
Rocha v. State , 16 S.W.3d 1, 10 (Tex. Crim. App. 2000) (finding
appellant’s claim that the trial court erred in failing to file written
findings of fact and conclusion of law was rendered moot by the trial court’s
filing the findings pursuant to a remand order).  Appellant has not responded
to State’s brief.   

We agree that appellant’s issue as briefed has been rendered
moot. [2]  However, to the extent appellant
asserts that the trial court erred in denying his Batson challenge, we
have reviewed the record and find no error.  When reviewing a Batson challenge,
an appellate court examines the record in the light most favorable to the trial
court’s ruling and reverses only when the ruling is clearly erroneous.  Young
v. State, 283 S.W.3d 854, 866 (Tex. Crim. App. 2009).  A ruling is clearly
erroneous when, after searching the record, an appellate court is left with the
definite and firm conviction that the trial court made a mistake.  Hill v.
State, 827 S.W.2d 860, 865 (Tex. Crim. App. 1992).

The defendant must prove by a preponderance of the evidence
that the allegations of purposeful discrimination were true in fact and that
the prosecutor’s reasons were merely a sham or pretext.  Watkins v. State,
245 S.W.3d 444, 451-52 (Tex. Crim. App. 2008).  A reason is deemed race-neutral
if no discriminatory intent is inherent in the explanation given.  Purkett
v. Elem, 514 U.S. 765, 768, 115 S.Ct. 1769, 1771 (1995); Guzman v. State,
85 S.W.3d 242, 246 (Tex. Crim. App. 2002).  The State’s proffered reasons for
its strikes have been found race-neutral.  See Whitsey v. State, 796
S.W.2d 707, 726 (Tex. Crim. App. 1987) (relative’s employment); Harris v.
State, 996 S.W.2d 232, 235 (Tex. App.—Houston [14th Dist.] 1999, no pet.)
(occupation); Anderson v. State, 758 S.W.2d 676, 680 (Tex. App.—Fort
Worth 1988, pet. ref'd) (lack of eye contact).  Moreover, the trial court was
in the best position to evaluate whether the prosecutor’s reasons were a
pretext.  See Gibson v. State, 144 S.W.3d 530, 534 (Tex. Crim. App.
2004).  The trial court’s ruling that the reasons for the State’s strike were
race-neutral is supported by the record and is not clearly erroneous.  

Accordingly, the judgment of the trial court is affirmed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges and Justices Yates and Seymore. 

Do Not Publish — Tex. R. App. P. 47.2(b).









[1]  If the
trial court determines that the State exercised a peremptory challenge for the
purpose of excluding a person from the jury on the basis of his race, the court
shall call a new array.  Tex. Code Crim. Proc. Ann. art. 35.261(b).  This
remedy is not exclusive, however.  When a Batson challenge is sustained,
the trial court may, in its discretion, “fashion a remedy consistent with Batson
and its progeny.”  State ex rel. Curry v. Bowman, 885 S.W.2d 421,
424-25 (Tex. Crim. App. 1993).  The court may disallow the State’s challenge
and seat the stricken venire member on the jury.  Id. at 425.

 





[2]
Appellant has not briefed the merits of his Batson challenge.